The Return to Remand discloses that the trial court has fully complied with our directions in remanding this cause for the trial court to conduct another sentence hearing, which was concluded on August 6, 1984, with the appellant and attorneys for the respective parties present, at which time the trial court announced judgment of sentence of "imprisonment for life without parole." Within less than twenty-eight days thereafter, appellant's counsel dispatched a brief with copy to opposing counsel challenging the sentence. We have received no brief from appellee's counsel.
By his challenge of the sentence to life imprisonment without parole, appellant does not question either of the two previous felony convictions in Erie County, Pennsylvania, but he contends that the trial court erroneously took into consideration and utilized a felony conviction in Pickens County, Alabama, as a basis for determining that defendant had had three previous felony convictions, which would mandate that the sentence be to life imprisonment without parole, as prescribed by a provision of the Habitual Felony Offenders Act, as codified in § 13A-5-9 (c)(3).
The transcript discloses that said previous felony conviction in Pickens County, Alabama, was in the same case, but was not the same conviction, as the Pickens County murder case and conviction that were considered by us on original submission, as shown by the following part of the transcript on the second sentence hearing:
 "THE COURT: On the former sentencing hearing you relied upon a conviction which was reversed and this is a separate and distinct conviction subsequent to that?
"MR. FOLMAR [District Attorney]: That is correct."
We are of the opinion that the State was not entitled, on remandment of this cause for another sentence hearing, to add a previous felony conviction to those considered on the original sentencing hearing, even though the one added was in the same case as one of the convictions erroneously considered effectual on the original hearing. To hold otherwise would enable the prosecution to thwart the spirit at least of Rule 6 (b)(3) (ii), Rules of Criminal Procedure, which states:
 "At a reasonable time prior to the [sentence] hearing the defendant shall be given notice of the previous conviction or convictions upon which the state intends to proceed."
It follows that the trial court could not have validly sentenced the defendant to punishment greater than life imprisonment, and the sentence should now be modified by deleting the words "without parole."
REMANDED FOR PROPER SENTENCING.
All the Judges concur. *Page 1125